Dear Mr. Songy:
Your request for an Attorney General's Opinion has been forwarded to me for research and reply. You have requested an opinion of this office concerning whether a bank account to which the Ascension Parish School Board ("Board") wires funds to pay health care claims needs to have collateral pledged against it. The opinion of this office is that collateral does not need to be pledged against this bank account because once transferred to the account, the funds are no longer considered public funds.
You provided the office with the following background information. The Board is self-insured for its health care, which is administered by United Healthcare ("United"). Each week the Board wires funds to a bank account set up by United. These funds are used to pay claims of Board employees. After the funds are wired to the account, the Board no longer has any control over the funds and the Board cannot request that the funds be returned.
Based on further conversations with Board staff, it is the understanding of this office that you seek guidance to determine whether the bank, which holds the account, would be subject to the state's local depositary laws. Louisiana's local depositary laws are contained in La.R.S. 39:1211 et seq. La.R.S. 39:1211 provides "[t]he term `local depositing authorities' includes all parishes, municipalities, boards, commissions, [. . .], and any other public bodies or officers of any parish, municipality, or township." Thus, the Board would be classified as a local depositing authority and further the Board would generally be subject to the provisions of the Louisiana local depositary laws. *Page 2 
Furthermore, La.R.S. 39:1218 provides that "[a]ny bank selected as the fiscal agency of any depositing authority, or any bank with whom a private contract is entered into, whether the bank is within or without the state, shall give security for the safekeeping and payment of the deposits." However, it is the opinion of this office that the provisions of La. R.S 39:1218 would not be applicable to the bank which holds the funds transferred to the United account. This statute would not be applicable to the United account because the funds, which are the subject of this opinion request, are no longer considered to be public funds after the wire transfer occurs each week. This office has previously determined that the collateralization requirement of La.R.S. 39:1211 etseq. is not applicable to the transfer or deposit of funds which are not classified as public funds. See La. Atty. Gen. Op. No. 93-281. Based on the facts stated in your opinion request, once the funds are transferred to the United account, the funds are no longer public. Your request stated that after the funds are wired to the United account, the Board no longer has any control over the funds and the Board cannot request that the funds be returned. Therefore, it is the opinion of this office that collateral does not need to be pledged against the United account because, once transferred, the funds are no longer considered public funds.
We hope this sufficiently answers your inquiry. If we may be of any further assistance, please do not hesitate to contact us.
 With Best Regards,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By:__________________ Cherie A. Lato Assistant Attorney General
 CCF, JR:CAL